UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CASEY L. CLARK,<br><br>    Plaintiff,<br><br>v.<br><br>COMMISSIONER OF<br>SOCIAL SECURITY,<br><br>    Defendant. | Case No. 1:19-cv-00196-JDP<br><br>ORDER FOR ADDITIONAL BRIEFING ON THE APPROPRIATE STANDARD OF REVIEW, NOT TO EXCEED FIFTEEN PAGES<br><br>THIRTY-DAY DEADLINE |

Claimant Casey L. Clark has requested judicial review of the Social Security Administration's denial of his application for disability insurance benefits. On March 12, 2020, the court heard argument from the parties. At the hearing, the parties were (understandably) not in a position to argue at length about the appropriate standard of review—an issue merely touched on in briefing. *See* ECF No. 16 at 5 n.3. The court will therefore order additional briefing on the standard of review—and, in particular, the relationship between the Ninth Circuit's "clear and convincing reasons" standard and recent administrative guidance from the Social Security Administration. *See, e.g.*, *Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017) ("We have established a two-step analysis for determining the extent to which a claimant's symptom testimony must be credited."); Soc. Sec. Ruling 16-3p, 81 Fed. Reg. 14,166, 14,166 (Mar. 16, 2016) ("This Ruling provides guidance about how we evaluate statements regarding the intensity, persistence, and limiting effects of symptoms in disability claims."). Such briefing should address the origins of the "clear and convincing reasons"

standard and the degree of deference the court owes to administrative interpretations that may conflict with it (if any).

No later than thirty days from the date of this order, the parties should file supplemental briefs, not to exceed fifteen pages, that address the above issues related to the appropriate standard of review—as well as related issues related to the standard of review that the parties may deem important.[1]

IT IS SO ORDERED.

Dated:   March 18, 2020

_____
UNITED STATES MAGISTRATE JUDGE

No. 205.

---

[1] Given the potential complexity of this issue and the unusual events now occurring in our country with the appearance of COVID-19, the court recognizes that the parties may require more than the 30 days allotted herein to complete briefing. If this proves to be the case, the parties should request additional time.