UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CASEY L. CLARK,<br><br>    Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>    Defendant. | 1:19-cv-00196-JDP<br><br>ORDER ON SOCIAL SECURITY APPEAL<br><br>ORDER DENYING APPEAL AND ORDERING THAT THE CLERK'S OFFICE ENTER JUDGMENT IN FAVOR OF RESPONDENT AND CLOSE THIS CASE |

Claimant has requested judicial review of the Social Security Administration's ("SSA") denial of his application for disability insurance benefits. On March 12, 2020, we heard argument from the parties. Because the parties appeared to contest the appropriate standard of review, we requested additional briefing on that issue on March 19, 2020. ECF No. 20. We received the parties' additional briefs on May 13 and May 18, 2020. Because we conclude that the ALJ provided clear and convincing reasons for discounting claimant's symptom testimony, we affirm the decision below and order that the clerk's office enter judgment in favor of respondent.

**DISCUSSION**

Claimant filed a disability application in August 2014, citing a variety of back impairments caused by an automobile accident, including degenerative disc disease. In January 2018, following a hearing, the ALJ found that claimant retained the residual functional capacity to perform light work. AR 18. But Clark's own testimony described more intense symptoms: he testified, for example, that he needed to lay down constantly; that he was regularly dropping

things; and that his motor skills were deteriorating.  *See* AR 43-47.  The sole issue before us is whether the ALJ improperly discounted claimant's testimony.  We have jurisdiction under 42 U.S.C. § 405(g), pursuant to which we ask whether substantial evidence supports the ALJ's factual findings and whether the ALJ's decision conformed with applicable law.

As an initial matter, the parties' original briefing appeared to contest the appropriate standard of review.  Claimant's opening brief argued that, "in the absence of any affirmative evidence of malingering, the ALJ must articulate clear and convincing reasons for rejecting a claimant's testimony."  ECF No. 13 at 7.  Respondent's brief, on the other hand, argued that the "clear and convincing" standard is a "judicially created standard [that] is inconsistent with the deferential substantial evidence standard set forth in 42 U.S.C. § 405(g) and with agency regulations and rulings specifying the rationale its adjudicators should provide in support of their findings."  ECF No. 16 at 5.  Respondent's supplemental brief, however, acknowledged that recent administrative actions have not undone the Ninth Circuit's standard; thus, "[b]ecause the courts (and the parties) have to follow Circuit precedent, it appears that the agency is bound by 'clear and convincing reasons' for the time being."[1]  ECF No. 24 at 3.

In any event, we agree with respondent that the outcome here does not hinge on the standard: the ALJ's reasons were "clear and convincing."  While "[t]he clear and convincing standard is the most demanding required in Social Security cases," *Moore v. Comm'r of Soc. Sec. Admin.*, 278 F.3d 920, 924 (9th Cir. 2002), the ALJ's discussion in this instance contained sufficient depth and clarity to meet its demands.  Indeed, much of the ALJ's discussion of the residual functional capacity finding, *see* AR 18-21, concerns claimant's own testimony.  The ALJ's point was not that claimant's symptom testimony was *tout court* false, but that "the claimant's statements concerning the intensity, persistence, and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record

---

[1] A different approach was not inconceivable.  Under the principles of *Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837 (1984), and *National Cable & Telecommunications Association v. Brand X Internet Services*, 545 U.S. 967 (2005), a court's interpretation of a statutory provision can be undone by an agency's subsequent interpretation, unless the judicial interpretation held that the provision was unambiguous at *Chevron*'s first step.

for the reasons explained throughout this decision." AR 19.  Some of those reasons include the ALJ's determination that "there is no medical opinion supporting greater limitations," AR 19; that the "[o]bjective findings on clinical examination were generally within normal limits," AR 20; that claimant "testified he was able to generally maintain an independent lifestyle," AR 20; and that "[t]reating records note that despite the claimant's complaints, he did not follow up with his neurosurgeon, suggesting that his symptoms were not so severe as to seek further evaluation or treatment," AR 21.  Moreover, it was not simply that the ALJ gave preference to evidence that contradicted claimant's testimony; instead, in limiting claimant to light work, she gave "the maximum benefit of the doubt" to claimant's subjective symptoms over a medical opinion that suggested he could engage in medium exertion.  AR 21.  These reasons are sufficiently specific, clear, and convincing to pass muster under Ninth Circuit law.  *See Adams v. Saul*, 808 F. App'x 457 (9th Cir. 2020) ("The ALJ gave specific, clear and convincing reasons for discounting [claimant's] testimony regarding the severity of his symptoms, including that it was not supported by the longitudinal objective medical record, and that [the] testimony was inconsistent with his reports to medical providers."); *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001) ("While subjective pain testimony cannot be rejected on the sole ground that it is not fully corroborated by objective medical evidence, the medical evidence is still a relevant factor in determining the severity of the claimant's pain and its disabling effects."); *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999) ("The ALJ pointed to specific evidence in the record . . . in identifying what testimony was not credible and what evidence undermined [claimant's] complaints.").

    In sum, we find that the ALJ's decision offered clear and convincing reasons for discounting claimant's testimony.  The clerk of court is directed to (1) enter judgment in against claimant and in favor of the Commissioner and (2) close this case.

IT IS SO ORDERED.

Dated: __July 1, 2020__

_____
UNITED STATES MAGISTRATE JUDGE

No. 205.